Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 5193 | DATE | 7/1/2004 |
| CASE TITLE | TREVOR VICKEY vs. ASSET ACCEPTANCE, LLC, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MEMORANDUM OPINION AND ORDER**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to strike is denied, and defendants' motions for summary judgment are granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 3 0 2004 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | 87 |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TREVOR VICKEY,                )
                              )
            Plaintiff,        )
                              )
    vs.                       )   No. 03 C 5193
                              )
ASSET ACCEPTANCE, LLC, and    )
McMAHAN & SIGUNICK, LTD.,     )
                              )
            Defendants.       )

DOCKETED
JUL 0 2 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Trevor Vickey brought this action against defendants Asset Acceptance, LLC and McMahan & Sigunick, Ltd. alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), and the Illinois Consumer Fraud Act, 815 ILCS 505/2. Defendants filed separate motions for summary judgment and plaintiff filed a motion to strike the affidavit of Robert Deter. For the following reasons, plaintiff's motion is denied and defendants' motions are granted.

## BACKGROUND

Plaintiff obtained a Discover credit card account from Greenwood Trust Company, a licensed bank, in early 1995. Shortly thereafter he fell behind on his payments, causing the bank to put the account into default and charge it off. Defendant Asset Acceptance acquired the account and, in February 2003, began sending letters to the plaintiff demanding payment. When plaintiff still refused to pay the account, Asset Acceptance enlisted the services of defendant McMahan & Sigunick, who sent a series of letters demanding payment and threatening legal action. Plaintiff's four-count complaint alleges that defendants, who are not



licensed by the State of Illinois, acted together in charging him interest in excess of 5%, which is prohibited by the Illinois Interest Act, 815 ILCS 205/1 *et seq.* (IIA).

## DISCUSSION

Our function in ruling on a motion for summary judgment is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists, and that the moving party is entitled to judgment as a matter of law, will we grant the motion. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002).

Plaintiff's counsel brought a suit nearly identical to this one in Olvera v. Blitt & Gaines, 2004 WL 887372 (N.D. Ill.). In Olvera, the court determined that the IIA did not prevent an unlicensed entity from obtaining the rights to an account from a licensed creditor and then charging interest in excess of the statutory maximum. *Id.* at *4. The court, however, denied the defendant's motion to dismiss, finding that the defendant had failed to establish that the original agreement allowed for higher interest. *Id.* at *5. The court subsequently issued a minute order denying a motion for reconsideration by the plaintiff, stating that "so long as the interest that defendant sought to collect from plaintiff was 'expressly authorized by the agreement creating the debt,' *see* 15 U.S.C. § 1692f(1), then defendant's attempt to collect that amount was not unlawful under the FDCPA." Olvera v. Blitt & Gaines, No. 03 C 6717 (N.D. Ill. May 18, 2004).

Plaintiff argues that Cavalry v. Olvera, 03 SC K 2373 (Circuit Court of Kane County June 17, 2004), effectively overruled Olvera by denying a motion to dismiss claims against an assignee under the IIA. The court in Cavalry, however, issued only a handwritten order

denying the counter-defendant's motion to dismiss without explanation. Plaintiff attaches only the counter-claimant's brief (again, the counter-claimant in that action was represented by plaintiff's counsel) leaving us with no way to determine what arguments were raised in support of that motion or what reasoning the court used in reaching its decision.

We agree with the Olvera court's interpretation of the relevant law. Plaintiff is asking that we find that the assignee of a debt can be prohibited by the IIA from charging the full interest on the debt if the assignee could not have contracted for the same interest rate as an original creditor. Plaintiff presents no compelling reason to disregard the general rule that an assignee stands in the shoes of the assignor. Olvera, 2004 WL 887372 at *4, *citing* Wetherell v. Thirty-First Street Building & Loan Association, 39 N.E. 143, 143 (Ill. 1894). The IIA regulates only the origination of loans and not the assignment of rights. *Id.* To hold otherwise would allow a debtor to receive a better interest rate than was bargained for, simply because his account was assigned to an unlicensed entity. As long as defendants charged an interest rate that was less than or equal to the amount originally contracted for, plaintiff's claims must fail. *Id.* at *4-5. The Discover card agreement produced by the defendants indicates that plaintiff agreed to an interest rate of either 19.8% or the prime rate plus 8.9 points, whichever was greater. The evidence shows that Asset Acceptance charged plaintiff a slightly lower rate, 18%. There is no indication that the 19.8% interest rate charged by the issuing bank was in any way unlawful.

Plaintiff argues that the IIA applies to assignees through 815 ILCS 205/5, which provides that "No person or corporation shall directly or indirectly accept or receive, in money, goods, discounts or thing in action, or in any other way, any greater sum or greater value for the loan, forbearance or discount of any money, goods or thing in action, than is

expressly authorized by this Act or other laws of this State." Defendants, however, seek only to collect interest that plaintiff agreed to pay the original creditor, as expressly authorized by the IIA. Plaintiff does not allege any attempt by defendants to charge more than he agreed to pay Greenwood Trust. In fact, defendants offered to settle the debt at a slight discount.

In an effort to maintain his claims, plaintiff seeks to strike the affidavit of Robert Deter, a senior manager of Discover Financial Services. He claims that Deter is not properly qualified to attest to the authenticity of the card member agreement introduced by defendants. At his deposition by plaintiff's counsel, Deter testified that he located plaintiff's account in Discover's computer system and determined that it was governed by "Terms Level 5." He also testified that he is familiar with the procedures used by Discover employees in recording what terms govern an account. He then pulled a copy of the card member terms from Discover files and attached it to his affidavit. While Deter does not have complete knowledge about the document he handed over, his testimony supports defendants' contention that the agreement governed plaintiff's account. Moreover, plaintiff admits that he did not keep a copy of his card member agreement, claims that he would be unable to provide any information about its terms, and provides no reasons why we should doubt the authenticity of the agreement submitted by the defendants. Finally, nowhere in plaintiff's complaint or briefs does he argue that either of the defendants actually charged an interest rate greater than that agreed upon when he obtained the credit card. For those reasons, plaintiff's motion to strike is denied.

Even if we agreed with plaintiff that the IIA limits the amount of interest that an assignee can charge, his claims would fail because the IIA does not apply to plaintiff's debt. Section 521 of the federal Depository Institutions Deregulation and Monetary Control Act (DIDA) explicitly creates parity between national and state-chartered banks by preempting

state interest rate law and allowing a state-chartered bank, such as Greenwood Trust, to choose from three rate ceilings when dealing with out-of-state customers. 12 U.S.C. § 1831d(a); Greenwood Trust Co. v. Com. of Mass., 971 F.2d 818, 827 (1st Cir. 1992). A Delaware-based lender[1] may choose to charge the highest rate allowed by Delaware law. *Id.* Delaware law establishes that a credit card issuer may essentially bargain for any agreed upon rate, and plaintiff directs us to nothing in Delaware law that would prohibit Greenwood Trust, or the defendants, from seeking to collect the debt in question. *See* 5 Del. C. § 945.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike is denied, and defendants' motions for summary judgment are granted.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

___July 1___, 2004.

---

[1] Plaintiff denies that Greenwood Trust is actually a state-chartered bank and claims that defendants made contradictory statements about its status. Plaintiff produces no evidence, however, that the bank was chartered in Illinois – the only possible way that the IIA, rather than the DIDA would apply to his claims. If Greenwood Trust was a national bank, the National Bank Act, 12 U.S.C. § 85, would have the same effect as DIDA, rendering the IIA meaningless in this case. We also note that the cardmember agreement produced by defendant explicitly states that Delaware law (rather than Illinois law) applies to disputes arising under the agreement.