Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5193 | **DATE** | 7/22/2004 |
| **CASE TITLE** | TREVOR VICKEY vs. ASSET ACCEPTANCE, LLC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Asset Acceptance's motion for summary judgment as to count IV is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 2 3 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 91 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TREVOR VICKEY,            )
                          )
       Plaintiff,         )
                          )
vs.                       )    No. 03 C 5193        JUL 2 3 2004
                          )
ASSET ACCEPTANCE, LLC; and)
MC MAHAN & SIGUNICK, LTD.,)
                          )
       Defendants.        )

## MEMORANDUM OPINION AND ORDER

On July 1, 2004, we granted defendants' motion for summary judgment as to counts I, II and III of plaintiff's complaint. In doing so we neglected to discuss count IV, an individual claim against defendant Asset Acceptance alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692e (FDCPA). For the following reasons, defendant's motion for summary judgment as to count IV is granted.

The FDCPA provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff claims that Asset Acceptance misrepresented plaintiff's date of delinquency by reporting the date that it opened the account rather than the date that the account was charged off by Discover. Plaintiff claims that such a practice could lead to the delinquency remaining on his credit record for more than seven years. He also argues that Asset Acceptance reported conflicting data to Experion and to other credit agencies.

The plaintiff produces no evidence supporting this claim other than the affidavit of Richard Le Febvre. Le Febvre admits, however, that he has not seen all of the relevant

documentation and does not understand the coding used by the credit services. The documents that he relied on in reaching his conclusions have not been offered into evidence or disclosed to the court. Asset Acceptance claims that it asked the major credit reporters to delete plaintiff's account; Le Febvre acknowledges that he cannot tell whether or not this was done. While he states that a number of dates appear in plaintiff's credit reports, there is nothing to indicate in what documents these dates are located or what they are intended to refer to. Plaintiff also produces nothing to contradict Asset Acceptance's argument that it was asked by Experion to report the date that the account was assigned, rather than the date of original delinquency. In the absence of any documentation showing that defendants actually reported incorrect dates or information to the credit agencies, plaintiff fails to create an issue of material fact as to count IV.

Finally, there is no indication that the dates used by Asset Acceptance had any effect on the attempt to collect plaintiff's debt. While statutory damages may be awarded even in the absence of actual harm to the plaintiff (*see* Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir. 1997)), there must be some indication that the defendant actually violated the statute by using a misrepresentation in connection with the collection of a debt. There is no indication that any "re-aging" affected the plaintiff's rights in any way.

## CONCLUSION

For the foregoing reasons, defendant Asset Acceptance's motion for summary judgment as to count IV is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 22, 2004.